### ARBOR v. HEMPEL et ux.

(Supreme Court, Appellate Division, Second Department.   April 7, 1911.)

**1. TRUSTS (§ (§ 56*)—FRAUD—CONVEYANCES—EVIDENCE.**
    If plaintiff did not offer to reimburse defendant, to whom he conveyed property in trust, for money expended by defendant thereon, defendant's refusal to reconvey at plaintiff's request was not evidence of fraud, actual or constructive, in procuring the conveyance to him.
    ..[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 160;  Dec. Dig. § 56.*]

**.2. TRUSTS (§ 56*)—FRAUD—EVIDENCE—SUFFICIENCY.**
    Evidence in an action against a trustee to compel a reconveyance of the trust property *held* not to show that defendant induced plaintiff by fraud to convey the property to him in trust.
    [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 56.*]

Appeal from Special Term, Kings County.

Action by Gustav E. Arbor against Frederick A. Hempel and wife. From a judgment for plaintiff, defendants appeal.  Reversed, and ·new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and ·WOODWARD, JJ.

Alexander Van Wagoner, for appellants.

Edward J. Flanagan, for respondent.

WOODWARD, J.   Prior to 1906 the plaintiff in this action had ·deeded certain premises in the borough of Brooklyn to Henry Manne, an attorney, who appears to have held the same in trust for the benefit of the plaintiff.  Subsequently Henry Manne died, and the property ·came into the ownership of Bertram N. Manne, a brother of Henry, who held the premises for the same purpose.   In the year mentioned the defendant and his wife (the latter being a niece of plaintiff's wife) moved into the neighborhood of the plaintiff, purchasing a house next

---

·*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

door, at the request of the latter, that they might be nearer together. It appears that the plaintiff had invited the defendants to come and live with him, and that this had been declined, on the ground that the plaintiff was difficult to get along with at close quarters, and the defendants desired the pleasant relations to continue. On the 21st of November, 1906, the plaintiff went to Bertram N. Manne's office, where he was met by the defendant, and in the presence of various people demanded of Mr. Manne that he deed the premises over to the defendant. Mr. Manne and another gentleman present remonstrated with the plaintiff and advised him not to make the transfer, but plaintiff insisted. He declared that he knew the defendant, that he wanted defendant to look after him, and that he could trust him. Mr. Manne, holding the property merely as a trustee, deeded the premises to the defendant, inserting a clause in the conveyance providing that the plaintiff should have the rents, income, and profits of the property for life, and taking a second paper from the defendant of a like tenor. With title in the defendant the latter has expended considerable sums, aggregating nearly $1,000, in repairs and payments upon the property, which is subject to a considerable mortgage, including a payment of $50 to Mr. Manne for services rendered to the plaintiff. This action was brought to compel the defendant to reconvey the premises to the plaintiff on the ground of fraud, and the learned court at Special Term has given judgment in favor of the plaintiff, on condition that the plaintiff pay back to the defendant the amount actually proved to have been expended upon the property. In an opinion handed down in the case the learned court says:

"I do not find that Mr. Hempel has been guilty of any affirmative acts of fraud, or that he has been guilty of any intentional cheating or defrauding of the plaintiff, except so far as that might be inferred from the fact that he has refused to give back the property."

[1] Just how the inference of fraud back in 1906 can be inferred from the fact that the defendant in 1908 refused to restore to the plaintiff the premises in question, on which he had expended nearly $1,000, is more than we are able to understand. There is no allegation in the complaint, and no evidence, that the plaintiff ever offered to restore to the defendant the moneys which the latter had expended upon the property and in his behalf, or that he ever offered to do anything toward restoring the defendant to the position which he occupied prior to the transfer of the property, and to hold that the defendant's refusal to restore the property to the plaintiff, while the latter made no offer of restitution, afforded grounds for assuming that the defendant procured the transfer by fraudulent methods in 1906, is not justified by any rules of evidence with which we are familiar. It is conceded by the court that there is no other evidence of fraud on the part of the defendant, a concession amply justified by the record, and we have no doubt that the inference of constructive fraud, based upon the mere refusal of the defendant to give back the property on which he had expended his money, is entirely without justification.

[2] The plaintiff is now 63 years of age, or was at the time of the trial, and the transaction in question occurred some two or three

years before the trial. He was then approximately 60 years of age, and the only infirmity specially differentiating him from other men of his age appears to be that he was blind. True, there was some evidence of feebleness, but not such as to make him mentally irresponsible in any appreciable degree, and Mr. Manne, his own attorney, who held the property in trust at the time of the transfer, and who was called by the plaintiff, testifies that he was fully capable of knowing what he was doing, and that he insisted upon so acting after being advised to the contrary. There is absolutely no suggestion that there was anything done which resulted in advantage to the defendant by reason of the blindness of the plaintiff. He admits that he understood all of the language of the instrument which was read over to him, and which he executed, except the "high words," and these were fully explained to him, as appears from the testimony of his own witness, Mr. Manne, so that he had all of the information which he could have had if he had not been blind, and to convict the defendant, who appears to have acted in absolute good faith, of fraud upon the evidence of this record, is wholly without warrant. There is only a small equity in the premises, even at the plaintiff's own estimate of the value. The defendant is under the necessity of keeping the same in repair in order to protect his own interest, and the plaintiff has the use of the premises for life, with all the rents which he is able to collect from tenants. On the face of the evidence it is questionable if the defendant would not be fully as well off if his money was restored to him as provided in the judgment, but he has a right to complain at a judgment which holds him guilty of fraud committed against his friend and his wife's uncle by marriage, and it is clearly the duty of this court to reverse such judgment.

The judgment appealed from should be reversed and a new trial granted, costs to abide the final award of costs. All concur.